J-S06025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD CAPERS | |
| Appellant | No. 384 EDA 2014 |

Appeal from the PCRA Order December 17, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0807282-1997

BEFORE: BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED FEBRUARY 20, 2015**

Donald Capers appeals, *pro se*, from the order of the Court of Common Pleas of Philadelphia County that dismissed his petition brought pursuant to the Post Conviction Relief Act.[1] After careful review, we affirm.

On January 7, 1999, Capers was convicted of murder in the second degree and related offenses. The court sentenced him to life imprisonment for murder, and imposed additional sentences of 2½ to 5 years' incarceration for possessing an instrument of crime and 10 to 20 years' incarceration for conspiracy. Capers did not file a direct appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

After reinstatement of his appellate rights, Capers filed a direct appeal on April 19, 2001. On January 14, 2003, based upon the failure of Capers' counsel to file a brief, this Court quashed the appeal without prejudice to file another petition requesting *nunc pro tunc* reinstatement of his right to a direct appeal.

On August 19, 2004, Capers filed a *pro se* PCRA petition. Appointed counsel filed an amended petition on January 19, 2005, and a supplemental amended petition on March 31, 2005. The PCRA court dismissed the petition on timeliness grounds on December 20, 2005. This Court affirmed, **Commonwealth v. Capers**, 913 A.2d 938 (Pa. Super. 2006) (unpublished memorandum), and our Supreme Court denied allowance of appeal. **Commonwealth v. Capers**, 919 A.2d 954 (Pa. 2007).

Capers filed a habeas corpus petition on May 1, 2008, and an amended petition on July 30, 2012. On October 1, 2013, the court sent Capers a notice of intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907.[2] Capers failed to file a response, and on December 17, 2013, the court dismissed the petition as untimely.

This appeal followed, in which Capers raises the following issue for our review:

---

[2] The order further stated that the PCRA encompasses the remedy of habeas corpus, citing **Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998).

> Whether the PCRA court erred in dismissing [Capers'] PCRA petition where, [Capers] demonstrated therein that a miscarriage of justice occurred during his 1999 state trial when the Commonwealth's attorney knowingly presented the false testimony of co-defendant Aaron Moore; or, allowed such testimony to go uncorrected, in violation of [Capers'] Fourteenth Amendment right to due process and equal protection of law?

Appellant's Brief, at 4.

"Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citations omitted).

Section 9545 of the PCRA provides in relevant part:

> **(b)  Time for filing petition. –**
>
> (1)  Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the

> United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2)   Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> (3)   For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.
>
> (4)   For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S. § 9545(b).

Capers' judgment of sentence became final on February 13, 2003, when he failed to file a petition for allowance of appeal from this Court's order dismissing his direct appeal. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113. He had one year from that date in which to file "any petition . . . including a second or subsequent petition" seeking post-conviction relief. *See* 42 Pa.C.S. § 9545(b)(1). Capers filed the instant petition on May 1, 2008, which was more than four years after his judgment of sentence became final.

A court has no jurisdiction to consider an untimely PCRA petition. *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003). Therefore, the PCRA court lacked jurisdiction to consider Capers' petition

unless he could meet one of the enumerated exceptions included in Section 9545(b)(1)(i)-(iii).

Because Capers has not proven any of the exceptions to the statutory time bar, the PCRA court did not err in concluding that it lacked jurisdiction to address the issues raised in Capers' petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2015